## J. Scott Hyde, Administrator, Appellee, v. Danville, Urbana & Champaign Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

An action in case by J. Scott Hyde, administrator of the estate of Samuel Edgar Risinger, deceased, against the Danville, Urbana & Champaign Railway Company to recover damages for the alleged wrongful death of appellee's intestate. From a verdict and judgment for appellee for five hundred dollars, the defendant appeals.

The defendant was charged with carelessly and negligently failing to use reasonable care to have its right of way at and near a street free and clear from bushes, brush, woods and other material, and negligently permitting heavy dense bushes or brush of a height of six to ten feet, to grow beside its right of way so as to interfere with and obstruct the view of the right of way of persons traveling southward upon such street; that the defendant violated an ordinance by virtue of which it operated its railway through a city, by wilfully failing to construct or maintain any sidewalk crossing at its said right of way at such street, and by constructing and maintaining its said tracks at the crossing of such street higher and above the surface of the street; and that the defendant negligently ran its car at a high and dangerous rate of speed across such street.

The principal contention of appellant was that the deceased at the time of the accident was guilty of contributory negligence in not using due care and caution for his own safety.

The evidence showed that Harvey street, is a blind street running in a populous territory, north and south across the railway tracks and ending about two hundred feet south of the tracks; that the appellant owns a private right of way forty feet wide, running east and west, and crossing the street at right angles; that the only means of exit for the people living south of the railway tracks was to go north on this street across the tracks; that there was a brick sidewalk along the east side of the street north of the railway tracks, which extended to the track, and a cinder walk south of the tracks on the east side of the street; that there were some trees, shrubbery and weeds along the north side of the right of way, which began about ten feet east of the east side of the street, and which obstructed a person's view so that he could not see anything to the east for about fifty feet north of the track; that the trees all stood south of or immediately on the right of way line, and most all of the shrubbery and weeds between the trees were on the appellant's right of way and branches of all the trees extended over the line about six feet; that the wagon crossing was of boards about sixteen feet long, three inches thick and ten inches wide, bringing the level of the crossing even with the top of the rails; that one of these planks had been laid on the outside of the north rail of the north track, and the action of vehicles in going off this plank in the wagon crossing had worn a hole or depression in the crossing at that point about the width of an ordinary vehicle, and from four to six feet north and south, with a space at either end of the crossing three or four feet in width, where the crossing was practically level; that the grade of the tracks was about two feet above the surface of the sidewalk and the street.

Witnesses for appellant testified that the speed of the car was from ten to twelve miles an hour, while witnesses for appellee testified that the speed of the car was from twenty to thirty miles an hour.

Decedent came south on a bicycle, and as he ap-

proached the right of way he attempted to cross the road crossing, and when he struck the crossing he turned his bicycle north and lost control of it, when a car struck and killed him.

Charles Troup, for appellant; George W. Burton, of counsel.

S. F. Schecter and Lindley, Penwell & Lindley, for appellee; Walter C. Lindley, of counsel.

Mr. Justice Scholfield delivered the opinion of the court.

### Abstract of the Decision.

1. Street railroads, § 88*—*evidence of negligence where bicyclist was killed at obstructed crossing.* In an action for the death of a bicycle rider who was struck and killed by an electric car as it emerged from a private right of way onto a city street, the evidence *held* sufficient to show the negligence of the railway company, where the view of the track was obstructed by trees and shrubbery on the right of way, and the rider lost control of his bicycle as it struck a defective plank in the railway crossing.

2. Street railroads, § 135*—*when contributory negligence of person killed at crossing question for jury.* Whether a bicycle rider exercised due care for his own safety *held* a question for the jury, where he was struck and killed by an electric car as it emerged from a private right of way onto a city street at a point where the view of the track was obstructed by trees and shrubbery on the right of way, and a defective plank in the crossing caused him to lose control of his bicycle.

3. Negligence, § 198*—*when contributory negligence question of law.* Whether a person was in the exercise of due care for his own safety at the time of an injury is a question of law for the court only where the undisputed testimony shows that the injury was due to his own negligence.

4. Negligence, § 198*—*when contributory negligence question for jury.* Where there may be a difference of opinion as to whether a person was in the exercise of due care for his own safety at the time of an accident, so that reasonable minds may arrive at different conclusions, a question for the jury is presented.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. STREET RAILROADS, § 117*—*when ordinance requiring construction of sidewalk admissible in action for death of traveler.* An ordinance requiring an electric railway company to construct and maintain sidewalks where its private right of way crossed city streets, is admissible in evidence in an action for the death of a bicycle rider who was struck and killed at a defective street crossing, where the failure to construct and maintain such sidewalk was alleged as negligence.